PEOPLE ex rel. FREDERICK K. LAWRENCE v. SIMON P. LYONS.

PEOPLE ex rel. AUGUSTUS CHURCHILL v. SIMON P. LYONS.

*Sunday law — 2 R. S. (5th ed.), 936, § 66 — place where labor performed must be stated — admission in answer.*

The relators were arrested by virtue of a warrant, issued by the defendant upon an affidavit charging them with a violation of the Sunday law (2 R. S. [5th ed.], 936 § 66), "in tending lock on the Delaware and Hudson canal, contrary to the statute in such case made and provided." *Held,* that the affidavit was defective, in not alleging the place where the alleged offense was committed.

Each relator, by his answer, admitted that, on "the first day of the week, called Sunday, he was personally engaged in tending lock on the Delaware and Hudson canal, but that such tending was not contrary to statute or any law." Upon this plea, without any testimony being taken, the relators were convicted and fined. *Held,* error; that the words "tending lock" did not of themselves purport to be servile labor not necessary; that to "tend" was to watch, to guard, to do things necessary, etc., and would rather imply a necessary work.

CERTIORARI to review the conviction of the relators before the defendant, a Justice of the Peace, for a violation of the Sunday law.

*F. L. Westbrook,* for relator. *A. Schoonmaker, Jr.,* for defendant.

Opinion *per Curiam.*

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Judgments and proceedings reversed.

---

WILLIAM DOLSON AND ANOTHER, ASSIGNEES, RESPONDENTS, v. JOHN W. KERR, SHERIFF, AND ANOTHER, APPELLANTS.

*Assignment for the benefit of creditors — when void — exempt property — when does not pass under.*

Where, at the time of the execution of an assignment for the benefit of creditors, it was agreed between the assignor and assignees that they should lease all. the assigned property to the wife of the assignor, which agreement was carried into effect, the assignees never taking possession of the property, but leaving